IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v.  § | CASE NUMBER 1:24-CR-00008-MAC |
| § | |
| § | |
| § | |
| CHAD ALAN POTTS § | |

**REPORT AND RECOMMENDATION ON FIRST AMENDED PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed December 5, 2025, alleging that the Defendant, Chad Alan Potts, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Chad Alan Potts was sentenced on December 13, 2016, before The Honorable Robert A. Junell, of the Western District of Texas, after pleading guilty to the offense of Transfer of Obscene Material to a Minor, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of II, was 21 to 27 months. Chad Alan Potts was subsequently sentenced to 102 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include: refraining from the use of all intoxicants and alcohol; restrictions on residing where firearms are possessed or stored; not

traveling, residing, or congregating in or near motels in the area of Hwy80/Business I-20; participation in sex offender treatment and testing; not viewing or possessing sexually explicit material; computer and internet restrictions; a search condition; drug

and mental health aftercare; participation in a workforce development program; $100 special assessment; and a $7,500 fine.

## II. The Period of Supervision

On July 6, 2021, the court in the Western District of Texas modified the conditions of supervision, with the Defendant's consent, to include refraining from contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

On September 1, 2022, the Defendant completed his period of imprisonment and began service of the supervision term.

On January 18, 2024, jurisdiction in this case was transferred to the Eastern District of Texas and assigned to United States District Judge Marcia A. Crone.

## III. The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising one allegation. The petition alleges that Chad Alan Potts violated the following conditions of release:

> Allegation 1. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## IV. Proceedings

On December 11, 2025, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

2

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he failed to notify the probation officer within 72 hours of being questioned by law enforcement on September 18, 2023. In return, the parties agreed that he should serve a term of 4 months' imprisonment, which shall run concurrently with his sentence of imprisonment imposed in Cause Nos. 28603, 28604, and 29197 in the 356th District Court, Hardin County, Texas, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to notify the probation officer within 72 hours of being questioned by law enforcement, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the policy statement imprisonment range is 4 to 10 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. In this case, however, the Defendant's agreed upon revocation sentence shall run concurrently with his sentence of imprisonment imposed in Cause Nos. 28603, 28604, and 29197 in the 356th District Court, Hardin County, Texas, with no supervised release to follow. The rationale for this

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

recommendation is that the Defendant is currently serving two consecutive life sentences and a consecutive 20-year imprisonment term for crimes committed prior to his supervision term.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the amended petition's allegation that he violated a standard condition of release that he failed to notify the probation officer within 72 hours of being questioned by law enforcement. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is II. The policy statement range in the Guidelines Manual is 4

to 10 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 4 months, which shall run concurrently with his sentence of imprisonment imposed in Cause Nos. 28603, 28604, and 29197 in the 356th District Court, Hardin County, Texas, with no supervised release to follow.

After conducting an individualized assessment and consideration of the nature and circumstances of the violation, and the fact that the Defendant is currently serving two consecutive life sentences, and a consecutive 20-year imprisonment term, for crimes that were committed prior to the instant supervision term beginning, the court finds an additional term of supervised release is not warranted in this case.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the First Amended Petition that he violated a standard condition of release by failing to notify the probation officer within 72 hours of being questioned by law enforcement on September 18, 2023. The amended petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 4 months' imprisonment to run concurrently with his sentence of imprisonment imposed in Cause Nos. 28603, 28604, and 29197 in the 356th District Court, Hardin County, Texas, with no supervised release to follow.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and

consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 11th day of December, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE